IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Robert Meyer, et al., | Case No. 3:04 CV 7301 |
| Plaintiffs, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| AmerisourceBergen Drug Corporation, | |
| Defendant. | |

Plaintiffs have filed a Motion to Alter or Amend Judgment (Docket No. 43) pursuant to Federal Civil Rule 59(e). In the alternative, Plaintiffs seek relief under Federal Civil Rule 60(b). Rule 59(e) states: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

Fed. R. Civ. P. 59(e). The judgment which Plaintiffs seek to alter or amend was entered on July 31, 2006 (Docket No. 42). Plaintiffs' Motion, however, was not filed until August 14, 2006 (Docket No. 43). Accordingly, Plaintiffs' Motion is untimely under Rule 59(e) and will therefore be considered under the alternately-argued framework of Rule 60(b).

**STANDARD OF REVIEW**

The premise behind Rule 60(b) is grounded in balancing the "need for justice against the value of finality of judgments." See 12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE, § 60.02[2], n. 6 (3D ED. 2002). It follows that relief from judgment may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). In reviewing a motion under Rule 60(b), the Court's inquiry is limited to determining whether one of the specified circumstances exists in which Plaintiffs are entitled to reopen the merits of its underlying claims. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).

Plaintiffs' sole basis for relief is the claim that the Court made several legal errors when ruling on Defendant's unopposed summary judgment motion. "A claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1) and thus is not cognizable under 60(b)(6) absent exceptional circumstances." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (citing *Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied*, 474 U.S. 1104, 88 L. Ed.2d 925, 106 S. Ct. 890 (1986)). Thus, Plaintiffs' Motion must be considered under the rubric of Rule 60(b)(1).[1]

---

[1] There is a split among the Circuits as to whether claims for legal error are cognizable under Rule 60(b)(1). The Sixth Circuit permits such motions, but only if the motion is made within the time for appeal of the underlying judgment. *See Pierce*, 770 F.2d at 451. Plaintiffs had 30 days to appeal the grant of summary judgment (Fed. R. App. P. 4(a)(1)(A)), and this Motion does not toll the time for appeal under Fed. R. App. P. 4(a)(4)(A)(iv) or (vi). While the time for appeal has now passed, the Motion was filed 14 days after the entry of judgment. Therefore, Plaintiffs' Motion can be properly considered under Rule 60(b)(1).

Rule 60(b) provides only that the Court "*may* relieve a party . . . from a final judgment." Fed. R. Civ. P. 60(b) (emphasis added). In the Sixth Circuit, it is well settled that "the granting of a motion to set aside a judgment under the provisions of Rule 60(b)(1) (2) and (6) is a matter addressed to the sound discretion of the trial judge . . . ." *Douglass v. Pugh*, 287 F.2d 500, 502 (6th Cir. 1961) (citations omitted). The Court's decision will not be overturned absent an abuse of this discretion. *Id*.

**DISCUSSION**

**1.     Incentive Compensation**

Plaintiffs first allege the Court erred in holding that the Incentive Compensation clause of the Employment Agreement was illusory. Section 3(b) of the Agreement provides for discretionary incentive compensation:

> As additional compensation, during the Employment Period, Employee may be entitled to receive incentive compensation ("Incentive Compensation") as may be authorized, declared and paid by the Board of Directors of the Company based upon personal and Company performance at a rate applicable to comparable Company executives. (emphasis added)

In *Imbrogno v. MIMRx.COM, Inc.*, No. 03AP-345, 2003-Ohio-6108 (Ohio Ct. App. 10 Dist. November 18, 2003), an Ohio court of appeals found a similar incentive clause to be unenforceable. There, an employment contract provided that "Stock Options commensurate with your position will be offered. The number of options granted to you will be subject to approval by the Company's Compensation Committee or its designee." *Id*. at ¶9. The *Imbrogno* court held that clause was unenforceable: a contract term promising future stock options at the unlimited discretion of the promisor is nothing more than an unenforceable illusory promise. *Id*. at ¶¶ 8-10.

3

In the instant action, Section 3(b) of the Agreement vests unlimited discretion for awarding incentive compensation in the "Board of Directors of the Company." Meyer understood this; he testified "that the decision to . . . give bonuses is at the sole discretion of the directors" (Meyer Depo. at p. 107). Thus, this incentive compensation promise is illusory.

Meyer claims that the last phrase of Section 3(b), "at a rate applicable to comparable Company executives," divests the Board of discretion. While this phrase requires the Board to pay bonuses at the rate of comparable executives, it **does not** bind the Board to authorize the bonuses in the first place. As Section 3(b) clearly states, the Board first decides whether to authorize incentive compensation based on the discretionary standard of "personal and Company performance." **If** the Board chooses to authorize compensation, **then** it must be awarded "at a rate applicable to comparable Company executives." The Board has unlimited discretion to award (or not award) incentive compensation.

Based on the holding in *Imbrogno,* the incentive compensation provision is unenforceable. Accordingly, the Court was not mistaken when granting Defendant's summary judgment motion.

**2.     Change of Duties/Waiver**

Plaintiffs next challenge the Court's finding that Meyer waived any objection to the change of his duties. Specifically, Plaintiffs claim that the Agreement can be reasonably interpreted to guarantee Meyer enough duties so as to allow him to realize incentive compensation.

The Agreement does not guarantee Meyer any specific level of duties. Further, Meyer's lengthy acquiescence to the reduction of his duties was sufficient to waive his right to seek damages for this reduction. The Court finds no error or mistake with this ruling.

**3.     Pre-Judgment Interest**

Finally, Meyer contends that he is entitled to pre-judgment interest. Specifically, Meyer contends that Defendant wrongfully withheld his severance and premium payments. As the Court has already held, the Agreement clearly contemplates that Meyer would sign a release in exchange for Defendant's payment of severance and insurance benefits. *See* Section 11(g). Defendant was within its rights to withhold payment until a satisfactory release could be agreed upon.

In *Cohara v. Consolidated Rail Corp.*, 148 Ohio App.3d 153, 772 N.E.2d 656, the court held that a plaintiff was not entitled to pre-judgment interest when he induced delay by refusing to sign a release. The *Cohara* court further held "a breaching party is not entitled to prejudgment interest; nor is a nonbreaching party liable for it." *Id*. at 158. In the instant action, Defendant specifically informed Meyer that it was ready and able to pay his severance and medical premiums (Meyer Depo. at pp. 119-21 and Ex. 4-5). The Record is silent as to Plaintiff's response, other than the filing of this lawsuit. As this Court has held that Defendant did not breach the agreement or unnecessarily delay, it follows that Meyer is not entitled to pre-judgment interest.

## CONCLUSION

The Court did not mistakenly grant summary judgment for Defendant. Accordingly, Plaintiffs are not entitled to relief from judgment under Federal Rule 60(b)(1), and Plaintiffs' Motion (Docket No. 43) is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 22, 2006